# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>ATLAS LITHIUM<br>CORPORATION SECURITIES<br>LITIGATION | No. 2:23-cv-04355-DSF-BFM(x)<br><br>ORDER RE FORMAT OF TIME<br>AND EXPENSE RECORDS |

In addition to any other requirements imposed by statute, case law, and rules of professional conduct, counsel who will be seeking an award of fees based on the lodestar or for which a lodestar cross-check is appropriate must maintain their records in a manner calculated to permit the Court to evaluate the lodestar amount and the reasonable expenses and costs efficiently and effectively, and must comply with the following:

1. All services rendered must be listed chronologically in a single document (presumably prepared monthly, but no less often than quarterly) so that the Court can readily determine what services were rendered by all timekeepers on each day. Counsel are not to submit separate billings by timekeeper or by firm.

2.  The records shall state, for <u>each</u> entry: the name or initials of the timekeeper, the hourly rate sought for the timekeeper, a description of the services performed, the amount of time billed, <u>and</u> the dollar amount charged for that entry (<u>i.e.</u>, the time spent multiplied by the hourly rate).  These dollar amounts may not be "rounded up."  While the Court will not mandate use of the litigation codes from the Uniform Task-Based Management System (UTBMS) if counsel do not already use that system, the Court will require that counsel provide, at the time a fee request is made, a summary of the total fees attributable to categories such as those described in the UTBMS.

3.  The services rendered must be described in sufficient detail for the Court to determine the nature and reasonableness of the services.  Generic or general activity descriptions are inappropriate.  Entries such as "research and preparation of motion to dismiss," "conference with client," "team meeting," and other non-specific descriptions will generally not be considered adequate, especially if the amount of time billed is significant.  (Time records ultimately filed publicly with a motion for fees may be redacted to preserve the attorney-client privilege or work product.  The Court may require an *in camera* unredacted submission.)  All abbreviations or codes must be explained.

4.  *Time records must be maintained on a contemporaneous basis,* and a declaration from counsel to that effect will be required.  Timekeepers should not attempt to reconstruct their time days after the services were rendered.

5.  The minimum time increment will not be greater than one-tenth of an hour.  <u>See</u> <u>Welch v. Metropolitan Life Ins. Co.</u>, 480 F.3d 942, 949 (9th Cir. 2007).

6. "Block-billing," i.e, a line item with a single time charge for multiple activities is inappropriate, <u>see</u> <u>id.</u> at 948, unless several less time-consuming tasks, such as phone calls or emails, are grouped to avoid overbilling.

7.  Time charged for intra or inter-office conferences, correspondence, emails, etc. should be kept to a minimum.

8.  If more than one timekeeper charges for attending hearings, depositions, etc., the Court will ultimately require an explanation of why the second appearance was appropriate.  (If counsel believe non-chargeable attendance by others is desirable in order for young lawyers or para-professionals to gain training or experience, and such time is normally recorded by the firm, the billing records should indicate that the time is not being charged.)

9.  If counsel raise hourly rates during the course of the representation, the fee request shall be based on historic hourly rates.  Alternatively, counsel must provide a calculation of the amount requested based on hourly rates at the time the fee request is made <u>and</u> based on a reasonable interest rate to account for the delay in payment.

10.  Expenses and costs must be listed by reasonably narrow and specific category, preferably the applicable categories described in the UTBMS.  Only expenses and costs normally billed to a client and otherwise permitted by statute or case law will be awarded.  Only actual costs, without markup, will be permitted.  Counsel should not seek reimbursement for items generally regarded as overhead.  If a law firm maintains a flat-rate contract with an electronic legal database (e.g., Westlaw or Lexis), reimbursement is ordinarily inappropriate, unless the database was reasonably utilized for activity outside of the firm's flat-rate contract.  Supporting documentation should be provided for all significant expenses.

11.  Reimbursement should not be sought for first class airfare, or meals and accommodations in amounts higher than a reasonable client would permit.  Counsel shall exercise good judgment in selecting reasonably-priced transportation, accommodations, and meals.  The Court requires that paid invoices be submitted for all significant expenses, including experts and other professionals,

transportation, accommodations, meals, transcripts, depositions, and witness fees.

Lead Counsel is to provide *in camera*, within the next 90 days, a representative monthly or quarterly bill that complies with this order. This will permit the Court to determine early on whether Lead Counsel's billing format is acceptable.  The Court should be advised (by an *in camera* submission, if appropriate) if anything in this order conflicts with the instructions of Lead Plaintiff, now or in the future, or if Lead Plaintiff objects to any of the requirements of this order.

If there is a contested motion for attorneys' fees in the future, the Court will issue a further order establishing the required procedure and format for the motion.

IT IS SO ORDERED.

Date: 9/13/2023

Dale S. Fischer
United States District Judge

4