# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>ATLAS LITHIUM CORPORATION SECURITIES LITIGATION | No. 2:23-cv-04355-DSF-BFM(x)<br><br>ORDER ESTABLISHING CERTAIN REQUIREMENTS FOR THE PROSECUTION OF THIS ACTION |

The Court having appointed Ahmad-Reza Javdani as Lead Plaintiff and having approved Glancy Prongay & Murray LLP as Lead Counsel by separate order, the Court now establishes the following requirements for the prosecution of this action:

## DUTIES AND RESPONSIBILITIES OF LEAD PLAINTIFF

The Court expects Lead Plaintiff to direct and oversee Lead Counsel and to be meaningfully involved at every stage of the proceedings.

## DUTIES AND RESPONSIBILITIES OF COUNSEL

1. Lead Counsel shall have the following responsibilities and duties:

    a.    to coordinate the briefing and argument of motions;

b.    to coordinate and direct the conduct of discovery and related proceedings;

c.    to coordinate the examination of witnesses in depositions;

d.    to coordinate the selection of counsel to act as spokesperson at all hearings and pretrial conferences;

e.    to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

f.    to coordinate all settlement negotiations with counsel for defendants;

g.    to coordinate and direct the pretrial discovery proceedings and preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

h.    to coordinate the preparation and filing of all pleadings;

i.    to receive and disseminate all Court orders, notices, etc.;

j.    to supervise all other matters concerning the prosecution or resolution of this action; and

k.    to act as liaison between the Court and plaintiffs and their counsel.

2.    No motion, request for discovery, or other pretrial proceeding shall be initiated or filed by any plaintiff without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery.  No settlement negotiations shall be conducted without the approval of Lead Counsel.

3.    Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, shall serve as the spokespersons for plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

4.    Defendants' counsel may rely on agreements made by Lead Counsel.  Such agreements will be binding on all plaintiffs and the putative class unless otherwise ordered.

5.    Lead Counsel shall maintain records of attorneys' fees and costs in the manner specified in a separate order to be issued by the Court.

6.    Lead Counsel shall designate the attorney who shall be lead trial counsel.  Lead trial counsel shall attend all proceedings <u>set by</u>

the Court, unless excused by the Court in advance.  The designation must be filed no later than September 25, 2023.

7.      All counsel shall become familiar with and comply with this Court's Practices and Procedures, as reflected on the Court's website and as stated in its orders issued from time to time.  Counsel shall also become familiar with and comply with the Local Rules and General Orders of the Central District of California.

## FURTHER PLEADINGS AND NEWLY-FILED OR TRANSFERRED ACTIONS

1.      All further pleadings shall be captioned "In re Atlas Lithium Corporation Securities Litigation," and shall be maintained under the file number 2:23-cv-04355-DSF-BFM(x).

2.      When a case that arises out of the subject matter of this action is filed in this district or transferred to this district from another district, the clerk of this court shall:

a.      file a copy of this order in the separate file for such action; and

b.      make the appropriate entry in the docket for this action.

3.      Lead Counsel shall mail a copy of this order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case.

4.      Each new case arising out of the subject matter of this action that is filed in this Court or transferred to this Court shall be consolidated with this action and this order shall apply to that case, unless a party objecting to this order or any provision of this order shall, within ten days after the date on which a copy of this order is served on counsel for such party, files an application for relief from this order or any provision of this order, and this Court grants the application

5.      Counsel in any related action that is consolidated with this action shall be bound by this order.

## OTHER ORDERS

1.  During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all

documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.

2.  At the earliest appropriate time, counsel shall meet and confer with the goal of structuring a discovery plan that will educate the parties about foundational issues, including (1) the identification of additional parties, if any, (2) relevant third parties, (3) relevant witnesses, and (4) the location and nature of relevant documents, including electronic documents.

IT IS SO ORDERED.

Date: 9/13/2023

Dale S. Fischer
United States District Judge